# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH DAKOTA
# NORTHERN DIVISION



**FILED**
MAR 14 2014
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | CR 12-10064-01 |
| -vs- | ORDER DENYING<br>MOTION TO SUPPRESS |
| KATHLEEN KUZIOR,<br>also known as KATHY KUZIOR,<br>Defendant. | |

Defendant asks that all evidence obtained from the autopsy of Richard Kuzior be suppressed and claims the body of Richard Kuzior was obtained by the Government in violation of Defendant's rights against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution. Doc. 39. The Government argues that the seizure of the body and subsequent search were valid because of Defendant's consent. Doc. 43.

While at the funeral home making arrangements for her son's burial, Defendant was asked to allow an autopsy of son's body. Defendant's daughter and the funeral director were also at the funeral home. David Lawrence, Special Agent of the Bureau of Indian Affairs, who was not personally present at the funeral home, spoke with Defendant by telephone and asked Defendant to consent to an autopsy. After the telephone conversation, Defendant told her daughter and the funeral director that law enforcement wanted to have an autopsy performed. Defendant appeared to be stunned or shocked, but not upset at the request. She seemed to handle the situation appropriately. An Authorization for Autopsy (Government Exhibit 1) was faxed to Defendant by Agent Lawrence. Defendant sought advice from her daughter and the funeral director while deciding whether to sign the authorization. Her daughter told her not to sign it. Defendant asked the funeral director what would happen if she did not sign the authorization. The funeral director said he did not know, but said that perhaps law enforcement would obtain a court order. Defendant then signed the Authorization for Autopsy.

The Fourth Amendment to the United States Constitution protects citizens from unreasonable searches as seizures:

> The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated; and no warrants shall be issued but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

*Schneckloth V. Bustamonte*, 412 U.S. 218, 219, 93 S.Ct. 2041, 2043-2044, 36 L.Ed.2d 854 tells us:

> It is well settled under the Fourth and Fourteenth Amendments that a search conducted without a warrant issued upon probable cause is 'per se unreasonable . . . subject only to a few specifically established and well-delineated exceptions.' *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576; *Coolidge v. New Hampshire*, 403 U.S. 443, 454 - 455, 91 S.Ct. 2022, 2031 - 2032, 29 L.Ed.2d 564; *Chambers v. Maroney*, 399 U.S. 42, 51, 90 S.Ct. 1975, 1981, 26 L.Ed.2d 419. It is equally well settled that one of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent.

Whether Defendant's consent to the search, *i.e.* the autopsy, was voluntary is a question of fact to be determined from the totality of all the circumstances. *Id.* at 227. Factors bearing on the issue of voluntariness include Defendant's age, education, and intelligence, whether Defendant was advised of her constitutional rights, the length of Defendant's detention and whether Defendant was subjected to repeated and prolonged questioning. *Id.* at 226.

Defendant appears to be of at least average intelligence. She was not advised of her constitutional rights prior to her execution of the Authorization for Autopsy. She was not detained and was not subjected to repeated and prolonged questioning. Defendant was allowed to discuss the authorization with her daughter and the funeral director prior to signing it. After those discussions, she signed the document. There is no evidence that Defendant's consent to the autopsy was the result of anything but Defendant's free will.

Defendant's motion is denied. The consensual search falls within an exception to the search warrant requirement.

In making this decision, the Court has considered the Authorization for Autopsy. Defendant objected to the admission of the authorization (Government Exhibit 1) because it was not provided to Defendant until March 19, 2013 when it was attached to the

Government's response to Defendant's Motion to Suppress. Doc. 43. However, Defendant was fully aware of the document prior to that date. Defendant signed the document on March 12, 2012 and the document had been provided to Defendant by the funeral director prior to March 19, 2013.

Defendant's knowledge of the document does not relieve the Government of its obligation to provide discovery to Defendant in a timely manner. The remedies that could be imposed pursuant to Federal Rule of Criminal Procedure 16(d)(2) range from ordering discovery, granting a continuance, prohibiting the introduction of undisclosed evidence, or such other order that is just under the circumstances. The Court must consider the reasons for the government's delay, whether the Government acted intentionally or in bad faith, and the degree of prejudice. *United States v. DeCoteau*, 186 F.3d 1008, 1010 (8th Cir. 1999). The Government apparently attempted to comply with Defendant's discovery request, but for some unknown reasons, the Authorization for Autopsy was not in the prosecutor's file at that time. The Government's failure to supply the documents earlier was not done intentionally and was not the result of bad faith. Defendant has shown no prejudice. In this case the Court is satisfied that the Government understands its obligation to comply with discovery requests and orders. The Court further believes the Government understands that had Defendant been prejudice through the intentional act of the Government or through the bad faith of the Government a more significant sanction would be appropriate.

Dated March 13, 2014 at Aberdeen, South Dakota.

/s/ William D. Gerdes
William D. Gerdes
US Magistrate Judge